UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LESLY P. BANEGAS
and other similarly situated individuals,

      Plaintiff(s),

v.

OCEAN CC, LLC
d/b/a FORTE DEI MARMI

      Defendant,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

     COMES NOW the Plaintiff LESLY P. BANEGAS and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant OCEAN CC, LLC d/b/a FORTE DEI MARMI, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LESLY P. BANEGAS is a resident of Miami, Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant OCEAN CC, LLC d/b/a FORTE DEI MARMI (hereinafter FORTE DEI MARMI, or Defendant) is a Florida corporation, having a place of business in Miami-Dade

County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

5. This cause of action is brought by Plaintiff LESLY P. BANEGAS as a collective action to recover from Defendant, unpaid half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class"), and who worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being properly compensated.

6. Defendant FORTE DEI MARMI is an Italian restaurant located at 150 Ocean Drive, Miami, FL 33139 13762 SW 88 ST, where the Plaintiff worked.

7. The Defendant FORTE DEI MARMI, employed Plaintiff LESLY P. BANEGAS as a Pastry cook from approximately July 01, 2019, to March 15, 2019, or 37 weeks.

8. The Plaintiff was hired as a full-time, non-exempted, salaried employee. During her employment period, the Plaintiff was a salaried employee and she was paid $850.00 weekly.

9. The Plaintiff had a regular schedule, she worked 5 days per week. Usually, Plaintiff had Tuesday and Wednesday off, and she worked on Mondays from 11:00 AM to 12:30 PM (13.5 hours); on Thursday, Friday and Saturday Plaintiff worked from 8:00 AM to 4:30

PM (8.5 hours daily), and on Sundays, Plaintiff worked from 11:00 AM to 12:30 AM (13.5 hours),  resulting in a workweek of 52.5 hours.

10. While employed by Defendant, Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

11. The Plaintiff did not clock in and out, but the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

12. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

13. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked every week.

14. On or about March 15, 2019, the Plaintiff was fired.

15. The Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections.

16. Plaintiff LESLY P. BANEGAS seeks to recover half-time overtime wages for every hour in excess of 40 which were paid at her regular wage-rate, liquidated damages and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

18. Plaintiff LESLY P. BANEGAS re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff LESLY P. BANEGAS as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant FORTE DEI MARMI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

22. The Defendant FORTE DEI MARMI, employed Plaintiff LESLY P. BANEGAS as a Pastry cook, from approximately July 01, 2019, to March 15, 2019, or 37 weeks.

23. The Plaintiff was hired as a full-time, non-exempted, salaried employee. During her employment period, the Plaintiff was paid $850.00 weekly.

24. The Plaintiff had a regular schedule, she worked 5 days per week an average of 52.5 hours.

25. While employed by Defendant, Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

26. The Plaintiff did not clock in and out. However, the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

27. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

28. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked every week.

29. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the

possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

30. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Three Thousand Seven Hundred Forty-Six Dollars and 25/100 ($3,746.25)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 37 weeks
   Total number of relevant weeks: 37 weeks
   Total hours worked: 52.5 hours weekly
   Total overtime hours: 12.5 O/T hours
   Paid salary: $850.00 weekly: 52.5 hours= $16.19 an hour
   Regular rate: $16.19 x 1.5= $24.29 O/T rate
   O/T rate: $24.29-$16.19 rate paid=$8.10 half-time O/T difference

   O/T half-time $8.10 x 12.5 O/T hours=$101.25 weekly x 37 weeks=$3,746.25

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid half-time overtime wages.

33. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. Defendant FORTE DEI MARMI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

36. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LESLY P. BANEGAS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LESLY P. BANEGAS and other similarly situated individuals and against the Defendant FORTE DEI MARMI, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff LESLY P. BANEGAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LESLY P. BANEGAS demands trial by a jury of all issues triable as of right by a jury.

Dated:  April 20, 2020

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*