## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between OCEAN CC, LLC d/b/a FORTE DE MARMI, its parents corporations, subsidiaries, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current and former employees, officers, directors, owners, and agents thereof (collectively referred throughout this Agreement as "OCEAN CC") and LESLY P. BANEGAS, on behalf of himself, his heirs, executors, administrators, successors, and assigns (singularly and collectively referred to throughout this Agreement as "BANEGAS").

WHEREAS, a dispute has arisen between BANEGAS and OCEAN CC, concerning allegations that BANEGAS has made in a complaint styled as *Lesly P. Banegas v. Ocean CC, LLC d/b/a Forte De Marmi,* Case No. 1:20-cv-21644-UU, currently pending in the United States District Court for the Southern District of Florida (referred to hereafter as the "Lawsuit");

WHEREAS, the parties wish to resolve and settle their differences without resort to further litigation; and

NOW, THERFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledge, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals.** The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration.** In consideration for signing this Agreement and compliance with the promises made herein, OCEAN CC shall pay to BANEGAS the total sum of SEVEN THOUSAND DOLLARS AND 00/100 CENTS (7,000), as follows:

   a) OCEAN CC shall issue payment in the amount of ONE THOUSAND TWO HUNDRED FIFTY AND 00/100 CENTS ($1,250), less all lawful taxable deductions, made at the usual and customary rate, made payable to "Lesly Banegas" The payment referenced in this subparagraph 2(a) represents the recovery of wages, for which the appropriate IRS Form W-2 shall be issued.

   b) OCEAN CC shall issue payment in the amount of ONE THOUSAND TWO HUNDRED FIFTY AND 00/100 CENTS ($1,250), made payable to "Lesly Banegas". The payment referenced in this paragraph 2(b) represents the recovery of other than wages, for which the appropriate IRS Form 1099 shall be issued.

   c) OCEAN CC shall issue payment in the amount of FOUR THOUSAND FIVE HUNDRED AND 00/100 CENTS ($4,500), made payable to "Zandro E. Palma, P.A." The payment

referenced in this subparagraph 2(c) represents the recovery of attorneys' fees and costs, for which the appropriate IRS Form 1099 shall be issued.

    d)    The settlement proceeds shall be delivered to counsel for BANEGAS within fifteen (15) days of court approval of the Settlement Agreement following the satisfaction of all of the following conditions precedent:

1. Receipt by counsel for OCEAN CC of this Settlement Agreement executed by BANEGAS;
2. Receipt by counsel for OCEAN CC of an IRS Form W-9 properly filled out and signed by counsel for BANEGAS.

    e)    The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that BANEGAS alleges under the Fair Labor Standards Act. Counsel for BANEGAS shall hold all of the settlement proceeds in escrow until the Court issues an Order in the Lawsuit approving this Agreement, and dismissing the Lawsuit, with prejudice. If necessary, the parties agree to file a Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit, with prejudice. The parties agree and acknowledge that Court approval of the Agreement is a material term of the settlement of the Lawsuit.

    f) Any employee tax obligation arising from the payment made under subparagraph 2(b) of this Agreement will be BANEGAS's sole responsibility. BANEGAS agrees to and does indemnify, defend and hold OCEAN CC harmless for and from any federal, state and local tax liability, including taxes, interest, penalties, and required withholdings, which may be or are asserted against or imposed upon OCEAN CC by any taxing authority based upon any the failure to withhold any amount from the settlement proceeds for tax purposes, and also for any and all attorneys' fees and costs incurred by OCEAN CC in defending any and all such matters.

3. **No Consideration Absent Execution of this Agreement.** BANEGAS understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for his execution of this Agreement and the fulfillment of the promises contained herein. The payment reflected in paragraph "2" is made in full and final settlement and resolution of the Lawsuit.

4. **Release of Claims by BANEGAS.** BANEGAS knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, OCEAN CC, LLC, its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns joint employers, and the current and former employees, officers, directors, owners, and agents thereof (all collectively referred to throughout this Release Provision as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, BANEGAS has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of

- Title VII of the Civil Rights Act of 1964 as amended;

- The Civil Rights Act of 1991;
- Section 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended
- The Family and Medical Leave Act of 1993, as amended;
- The immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act, as amended;
- The Americans with Disability Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002
- The Florida Civil Rights Act – Fla. Stat. 760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. 448.101 et seq.;
- Florida Wage Payment Laws;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees or other expenses including attorneys' fees incurred in these matters.

OCEAN CC, LLC hereby releases BANEGAS from any and all claims for consideration herein.

Nothing in this Agreement (including, but not limited, to the release of claims, affirmations, confidentiality, and non-disparagement provisions) (a) limits or affects BANEGAS's rights to challenge the validity of this Agreement under the ADEA or the OWBPA or (b) prevents BANEGAS from filling a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, the National Labor Relations Board, the securities and Exchange Commission, or any other federal, state or local agency charged with the enforcement of any laws, including providing documents or other information, or prevents BANEGAS from exercising his rights under Section 7 of the NLRA to engage in protected, concerted activity with other employees, although by signing this Agreement BANEGAS is waiving his right to recover any individual relief (including backpay, frontpay, reinstatement or other legal or equitable relief) in any charge, complaint, or lawsuit or other proceeding brought by BANEGAS or on his behalf by any third party, except for any right he may have to receive a payment from a government agency (and not OCEAN CC) for information provided to the government agency.

5. **Affirmations.**
   a) BANEGAS affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against OCEAN CC in any forum or form, except for Lawsuit.

b)   BANEGAS further affirms that he has reported all hours worked during his employment, and that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, expense reimbursements, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions expense reimbursements, and/or benefits are due to him, except as provided for in this Agreement.

c)   BANEGAS furthermore affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave to which he may be entitled under state or federal law.

6. **Confidentiality.**

a)   BANEGAS warrants that he has not disclosed any of the terms of this Agreement, or the negotiations related to this Agreement, to anyone other than his attorneys. BANEGAS represents and agrees that (i) he will keep the terms of this Agreement completely confidential, except and unless disclosure is required and compelled by law or as otherwise set forth below and (ii) if disclosure is compelled by court order, he will disclose only so much information as is necessary for compliance. BANEGAS agrees not to publicize or disclose any of the terms of the Agreement in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, except as necessary to effectuate the terms of the Agreement, other than to the following: (1) his attorneys; (2) his spouse; (3) his accountants and tax consultants ; and (4) other representatives or entities as required and compelled by law or lawful court order. With respect to any individuals referred to above to whom BANEGAS knowingly discloses any information regarding this Agreement or its terms, BANEGAS agrees that he will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity whatsoever, at any time. In the event any inquiry is made of BANEGAS, concerning this matter, he shall indicate only that "the matter has been resolved," and shall give no other indication of the outcome. Confidentiality is a material part of this Agreement, and is intended to be binding upon BANEGAS personally and all agents and other representatives of BANEGAS, if appropriate.

b)   In the event that BANEGAS is required by compulsion of legal process to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement, in whole or in part, he must notify OCEAN CC in writing at least ten (10) business days prior to the disclosure in order to provide OCEAN CC an opportunity to object to such disclosure. Such written notification shall be sent to: Mario Roitman, 1001 Brickell Bay Drive, Ste 2310, Miami, Florida 33131. BANEGAS agrees to reasonably cooperate fully with OCEAN CC if the company objects to such disclosure.

Doc ID: f4ea43ed39983aa626451073ba4c5fe5062023ea

c) This confidentiality agreement specifically includes but is not limited to an obligation, on the part of BANEGAS and his attorneys and other representative, not to knowingly disclose, or cause to be disclosed, the terms of the Agreement to any current or former employee or independent contractor of OCEAN CC or any affiliate of OCEAN CC, or to any individual associated with the press or the media. BANEGAS agrees that he shall be responsible and liable for any disclosure prohibited by this section.

d) A violation of this section shall be deemed a material breach of this Agreement. The parties agree that damages sustain by such a breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that Banegas violates this paragraph, Banegas shall pay Ocean CC liquidated damages in the sum of seven hundred dollars and zero cents ($700.00) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

7. **Non-Disparagement.** BANEGAS agrees that he will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding OCEAN CC, or (b) make or authorize to be made any written or oral statement that may disparage the reputation of OCEAN CC.

8. **No Re-Employment.** BANEGAS agrees that he will not apply for employment with OCEAN CC and acknowledges that any application for employment he makes to OCEAN CC may be rejected without cause and without any liability whatsoever. BANEGAS understands and acknowledges that OCEAN CC is and never shall be under any obligation to re-employ him, and the refusal of OCEAN CC to re-employ him will not subject it to liability on any grounds.

9. **Neutral Reference.** BANEGAS agrees to direct any prospective employers seeking a reference to Stefano Zingoni, on behalf of OCEAN CC. OCEAN CC agrees to provide a neutral reference to any prospective employers of BANEGAS that request a reference, which shall consist solely of confirmation regarding his job title, dates of employment with OCEAN CC, and final rate of pay.

10. **Non-admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by OCEAN CC of any liability or unlawful conduct of any kind. OCEAN CC specifically asserts that all actions taken with regard to BANEGAS were proper and lawful and affirmatively deny any wrongdoing of any kind.

11. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regards to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this

Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

12. **Severability.** Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties agree that the U.S. District Court shall retain jurisdiction to enforce the terms of this Agreement.

13. **Heading.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

14. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

15. **Binding Nature of Agreement.** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. BANEGAS expressly warrants that he has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

16. **Selective Enforcement.** The Parties agree that the failure of any party enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

17. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing.

18. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. BANEGAS acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**BANEGAS IS HEREBY ADVISED THAT SHE HAS UP TO FIVE (5) CALENDAR DAYS TO REVIEW AND CONSIDER THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE. BANEGAS IS FURTHER ADVISED THAT SHE SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND**

**GENERAL RELEASE TO REVIEW AND DISCUSS THE TERMS OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

**BANEGAS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL FIVE (5) CALENDAR DAY REVIEW AND CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, LESLY BANEGAS FREELY AND KNOWINGLY, AND AFTERDUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLEMENT AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST OCEAN CC AND ALL OF THE RELEASED PARTIES, AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

| OCEAN CC, LLC | LESLY P. BANEGAS |
|---|---|
| By: _(signature)_ | By: _(signature)_ |
| Title: Mario Roitman, VP/General Counsel | Lesly P. Banegas |
| Date: May 22, 2020 | Date: 05 / 22 / 2020 |



# Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | BANEGAS LESLY - S...eement 052220.pdf |
| **DOCUMENT ID** | f4ea43ed39983aa626451073ba4c5fe5062023ea |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** — **05 / 22 / 2020** 16:45:24 UTC-5 — Sent for signature to Lesly Banegas (leslybanegas1983@hotmail.com) from jfp@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED** — **05 / 22 / 2020** 16:52:38 UTC-5 — Viewed by Lesly Banegas (leslybanegas1983@hotmail.com)
IP: 172.58.11.74

**SIGNED** — **05 / 22 / 2020** 16:56:39 UTC-5 — Signed by Lesly Banegas (leslybanegas1983@hotmail.com)
IP: 172.58.11.74

**COMPLETED** — **05 / 22 / 2020** 16:56:39 UTC-5 — The document has been completed.

Powered by HELLOSIGN